UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., as Broadcast Licensee of the December 13, 2003, Hopkins/Joppy Event<br><br>*Plaintiff,*<br><br>v.<br><br>MARIA ASTENIA OCHOA, Individually and d/b/a El Palomar Club<br><br>*Defendant.* | § § § § § § § § § § § § | CIVIL ACTION H-06-3952 |

## ORDER ON DEFAULT JUDGMENT

Pending before the court is plaintiff's motion for default judgment. *See* Dkt. 7. After examining platintiff's motion, the evidence of record, and the applicable law, the court is of the opinion that the motion should be GRANTED. (Dkt. 7).

### I. BACKGROUND

Plaintiff filed this action on December 12, 2006, alleging that defendant had illegally intercepted and received the interstate communication of the fight and transmitted it to patrons within defendant's club.[1] Plaintiff was a broadcast licensee of the December 13, 2003 championship boxing match between Bernard Hopkins and William Joppy ("the fight"), including undercard or preliminary bouts at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like through out Texas.[2] Plaintiff served process on the defendant on January 26, 2007, and

---

[1] *See* Dkt. 1.

[2] *See id.*

the summons and the complaint were personally given to the defendant by a process server.[3] The defendant was given twenty days to answer the complaint, making defendant's complaint due by February 15, 2007. On April 24, 2007, long after the defendant's deadline to submit an answer had passed, plaintiff filed a request for entry of default and a motion for default judgment.[4] Copies of both filings were delivered to the defendant via certified mail, return receipt requested.[5] To date, the defendant has not answered the complaint, nor has she responded to plaintiff's default motions.

## II. ANALYSIS

### A. Default Judgment

*1. Standard of Review*

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint to the defendant. FED. R. CIV. P. 4(c)(1). Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5. In this case plaintiff seeks statutory damages, additional damages, attorney's fees, costs and post-judgment interest, and a permanent injunction against the defendant. Under the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case, § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior, § 605(e)(3)(B)(iii) mandates that courts award attorney's fees and allows courts to award full costs, and § 605(e)(3)(B)(I) permits courts to grant an injunction.

*2. Analysis*

Plaintiff properly served process on the defendant by personally serving him through a

---

[3]*See* Dkt. 4 at 3.

[4]*See* Dkt. 5, 7.

[5]*See* Dkt. 5, 7.

process server. The summons was addressed to the defendant and it explained the consequences of not answering the complaint pursuant to Rules 4(d)(2)(A) and 4(d)(2)(D) of the Federal Rules of Civil Procedure. Plaintiff satisfied Local Rule 5.5 by mailing a copy of the request for entry of default and the motion for default judgment to the defendant via certified mail, return receipt requested. Accordingly, the defendant was properly served in this case with process and plaintiff's default motions. Given the defendant's failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by the plaintiff in this action.

Specifically, the plaintiff has requested statutory damages in the amount of $10,000, additional damages in the amount of $100,000, attorney's fees in the amount of $36,667, conditional attorney's fees, costs and post-judgment interest at the rate of 8.25%, and a permanent injunction prohibiting defendant from intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act. The court finds the requested relief to be reasonable in this case with the exception that additional damages should be in the amount of $50,000.00, attorney's fees in the amount of $20,000.00, and post-judgment interest at the rate of 5.00% per annum.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment (Dkt. 7) is GRANTED. A separate, final judgment will be entered in accordance with this Order.

Signed at Houston, Texas on July 18, 2007.

_____
Gray H. Miller
United States District Judge