UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., as Broadcast Licensee of the December 13, 2003, Hopkins/Joppy Event<br><br>*Plaintiff,*<br><br>v.<br><br>MARIA ASTENIA OCHOA, Individually and d/b/a El Palomar Club<br><br>*Defendant.* | § § § § § § § § § § § § § | CIVIL ACTION H-06-3952 |

**FINAL DEFAULT JUDGMENT**

Before the court is *Plaintiff's Motion for Final Default Judgment and Brief in Support* filed by KingVision Pay-Per-View, Ltd ("plaintiff"). Upon consideration of the motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, the court concludes that plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605 and recognizes plaintiff's election to seek statutory damages. The court also concludes that it has jurisdiction over the subject matter and parties to this action; that defendant Maria Astenia Ochoa, individually and d/b/a El Palomar Club ("defendant") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in *Plaintiff's Original Complaint* are deemed admitted against defendant; that defendant exhibited the closed circuit, December 13, 2003 championship boxing match between Bernard Hopkins and William Joppy, including undercard or preliminary bouts without authorization from plaintiff; and that defendant's actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. That judgment by default be entered in favor of plaintiff and against defendant.

2. That plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from defendant in the amount of $10,000.00.

3. That plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from defendant in the amount of $50,000.00.

4. That plaintiff recover attorney's fees from defendant in the amount of $20,000.00 for prosecution of this case through this judgment.

5. That plaintiff recover the following conditional awards of attorney's fees from defendant in the following circumstances:

    a. Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

    b. Fifteen Thousand Dollars ($15,000.00) in the event defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

    d. Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

    e. Two Thousand Dollars ($2,000.00) for collection of the judgment rendered

in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

6. The court also enjoins defendant from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.

7. The court also awards plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of 5.00% from the date of this judgment until paid.

8. All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any writ of execution in this case, the court directs the United States Marshal Service to use any means or force reasonably necessary to satisfy this judgment.

9. The court intends to render a final judgment in this cause. Therefore, this judgment is now a final, appealable judgment.

It is so ORDERED.

Signed at Houston, Texas on July 18, 2007.

_____
Gray H. Miller
United States District Judge